Albertha DAVIS, et al.

v.

**PLAYERS LAKE CHARLES RIVERBOAT, INC. et al.**

No. 98–1634.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

March 5, 1999.

Charlton Hornsby, Normand & Hornsby, Beaumont, TX, Randall D Collins, Stevens Baldo & Freeman, Lake Charles, LA, for Albertha Davis, Jamerson Davis, for plaintiffs.

Robert C Clotworthy, Brian D Wallace, New Orleans, LA, J Clifton Hall, III, Stanley T Proctor, Houston, TX, for Players Lake Charles Riverboat Inc, Players Lake Charles LLC, defendants.

### MEMORANDUM RULING

TRIMBLE, District Judge.

Presently before the court is a Motion for Summary Judgment by Players Lake Charles Riverboat, Inc. and Players Lake Charles L.L.C. ("Players") against Albertha and Jamerson Davis ("Plaintiffs"). The motion has been opposed by the plaintiffs.

#### Facts

On or about August 2, 1997, Albertha Davis alleges that she sustained personal injuries when she fell down a staircase on Players Riverboat. Davis had been drinking while on the Riverboat and had a blood alcohol level of .30 at the time of the accident.

Plaintiffs originally filed suit in the United States District Court for the Eastern District of Texas, Beaumont Division. The venue of the case was later changed to Lake Charles.

The Plaintiffs allege that the Riverboat is a vessel registered with the United States Coast Guard and traversed navigable waters, therefore maritime law applies.

#### Law

A summary Judgement is appropriate if "all of the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law."[1] The moving party need not support its motion with affidavits or other evidence, but to defeat a motion for summary judgment the non-movant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial.[2]

In paragraph VII of the plaintiffs' complaint, the plaintiffs assert a cause of action under general maritime law. "To the extent that maritime law does not deny damages requested by the plaintiffs, the substance of law of the State of Louisiana should be applied." Players denies that maritime law is applicable and the law of the State of Louisiana should be applied.

■ In order to raise the plaintiffs' claim to the level of a maritime tort sufficient to invoke federal admiralty jurisdiction, they must demonstrate that (1) the wrong producing the injury occurred over navigable waters, and (2) that the activity proximately causing the injury was substantially related to traditional maritime activity.[3]

The first prong is known as the locality test. There is no dispute that the injury occurred over navigable waters[4]. In *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), the Supreme Court rejected the locality test as the sole basis for invoking admiralty jurisdiction. See *Id.* at 261, 93 S.Ct. at 501.

In the evolution of jurisprudence following *Executive Jet*, the court came to require a second element: "there must be some relationship between the tort and traditional maritime activities ..." See

*Executive Jet Aviation*, 409 U.S. at 256, 93 S.Ct. at 498.

■ In determining the status of casino, the Fifth Circuit has held that mere flotation is an insufficient basis to find that the casino is a vessel.[5] Nor is it controlling that the structure possess or lack certain physical characteristics or attributes, including registration with the Coast Guard as a vessel, to reach determination of vessel or nonvessel status under admiralty and maritime law. See Id. at 1263–64, 1267. This court finds that the movement of a casino Riverboat over navigable water would be serving a purpose that is merely incidental to its primary function as a gambling facility[6]. Accordingly, the court finds that Players Riverboat Casino is not a vessel for purposes of invoking admiralty jurisdiction and maritime jurisdiction. Still, the analysis must go a step further.

The next question is whether the activity that gave rise to the injury is substantially related to traditional maritime activity. The primary business in which the casino is engaged is gaming. Players is not operating a vessel in maritime navigation, but a casino that takes short trips over the water. In this case, the activity which gave rise to the plaintiffs' injury, gaming, is not substantially related to a traditional maritime activity. Therefore, admiralty and jurisdiction do not attach. See *King v. President Riverboat Casino–Mississippi, Inc.*, 894 F.Supp. 1008 (S.D.Miss.1995). The court finds that Louisiana State law applies.

■ In 1986, Louisiana enacted L.S.A. R.S. 9:2800.1, which exonerates those who

1. Fed.R.Civ.P 56(c).

2. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

3. *Pellegrin v. Sci–Tech Instruments (U.S.A.), Inc.*, 1998 WL 779842 (E.D.La. Nov. 4, 1998).

4. The Players Riverboat, unlike others, is not permanently moored, but is required to make frequent trip out into Lake Charles. See *Pa-*

*vone v. Mississippi Riverboat Amusement Corporation*, 52 F.3d 560 (5th Cir.1995) (held that indefinitely moored floating dockside casino was not vessel under Jones Act or general maritime law).

5. *Ketzel v. Mississippi Riverboat Amusement, Ltd.*, 867 F.Supp. 1260, 1262–68 (S.D.Miss. 1994).

6. *Id.*, at 1263–68.

sell or serve alcoholic beverages from liability when those consuming the alcohol are injured. The statute states in pertinent part:

A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages is the proximate cause of any injury, including death and property damage, inflicted by the intoxicated person upon himself or upon another person.

As noted earlier, after the fall, Davis was tested and found to have .30 blood alcohol level. In her deposition, when asked, Davis said that she had no complaints against Players and that she felt that her accident was caused by her "drinking". When asked if anything was wrong with the stairs she said that she doesn't even remember the stairs. In *Mayo v. Hyatt Corp.*, 898 F.2d 47 (5th Cir.1990), the court held that the defendant had no duty under Louisiana law to protect the guest from the consequences of his own intoxication and Louisiana does not recognize dram shop liability.

The court finds, in the case at bar, that there is no genuine issue of material fact involving causation or liability. Davis was intoxicated. Players had no duty to stop her from drinking. Because she was intoxicated, Davis fell down the stairs. Players has no liability under Louisiana law. The Motion for Summary Judgment will be granted.