# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-255

DANIEL E. COLLINS

VERSUS

DIEN DUC HUYNH, MOHAMMED ALI MAKKI, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20014557
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of John D. Saunders, Billie Colombaro Woodard, Michael G. Sullivan, Glenn B. Gremillion and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

James Patrick MacManus
Attorney at Law
225 West Main Street
Lafayette, LA 70501
(337) 234-1720
Counsel for Plaintiff/Appellant:
 Daniel E. Collins

James P. Doherty, III
Voorhies & Labbe
P. O. Box 3527
Lafayette, LA 70502
(337) 232-9700
Counsel for Defendants/Appellees:
 Dien Duc Huynh
 Mohammed Makki,
 Votuyetnga Thi
 Jermac of Lafayette, Inc. D/B/A Lipsticks

**Pickett, Judge.**

<u>FACTS</u>

Daniel Collins was a patron at Lipsticks, a strip club in Lafayette, on the night of September 6, 2000, and into the early morning hours of September 7. According to his petition, Collins "had been drinking heavily, and was drunk, [having] drunk both drinks which he had purchased himself and drinks which were given to him free of charge by the business." While intoxicated, Collins attempted to climb a ladder into the crow's nest housing the disc jockey's booth. He was unsuccessful and fell off the ladder, breaking his leg. Employees of Lipsticks took Collins to the hospital, where he was treated. Collins alleges that someone from Lipsticks informed him that they would pay for his treatment, including surgery that he needed. On the morning of the surgery, however, he was informed that the club would not pay for the surgery. The surgery was delayed, resulting in more serious injury to Collins' leg.

Collins filed this suit against Lipsticks, A Gentleman's Club, Dien Duc Huynh and Vo Tuyetnga Thi, the owners of the building where Lipsticks is located, and Mohammed Makki, Jermac of Lafayette, Inc., Huynh and Thi, the owners of Lipsticks (hereinafter collectively refered to as "defendants"). He alleged that the ladder created a hazardous condition, that the defendants failed to properly supervise Collins in his inebriated condition, that they failed to protect him from further harm after he fell, and that they failed to provide medical care after promising they would. Following discovery, the defendants filed a Motion for Summary Judgment. The trial court heard arguments on the motion on September 22, 2003. At the conclusion of the hearing, the trial court found that Collins' intoxication put the case squarely under the auspices of La.R.S. 9:2800.1. The statute provides immunity to licensed

1

providers of alcohol for the injuries caused by an intoxicated patron to himself or others, and thus the defendants could not be held liable for Collins' injuries. The trial court granted summary judgment and this appeal followed.

## ASSIGNMENTS OF ERROR

The appellant, David Collins, does not include in his brief "a specification or assignment of alleged errors relied upon," as required by the Uniform Rules for the Courts of Appeal, §2-12.4. In his "Summary of the Argument," he alleges that

> [t]he Court has misapplied Louisiana law as to those facts it has addressed; specifically, La.R.S. 9:2800.1(A) does not preclude another "proximate cause" of an injury and thus does not give any immunity to a bar owner without further reading of the statute, specifically, paragraphs B and C. Paragraphs B and C reference immunity for damages, but only ". . . off the premises . . . ."

## DISCUSSION

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The statute at issue in this case is La.R.S. 9:2800.1, which states in its entirety:

> A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.

> B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee

2

of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.

C. (1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.

(2) No social host who owns, leases, or otherwise lawfully occupies premises on which, in his absence and without his consent, intoxicating beverages of either high or low alcoholic content are consumed by a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person who consumed the intoxicating beverages.

D. The insurer of the intoxicated person shall be primarily liable with respect to injuries suffered by third persons.

E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.

A cursory examination of the statute indicates that Section C applies only to social hosts, while Section B applies to vendors of alcohol holding a permit under the relevant statutes. In the instant case, Collins has sued a vendor, and makes no argument that Lipsticks was a social host. Thus, Section C is inapplicable.

The trial court, relying on the federal district court's ruling in *Davis v. Players Lake Charles Riverboat, Inc.*, 74 F.Supp.2d 675 (W.D.La. 1999), found that the issues of premises liability could not be reached because Collins admitted he was

intoxicated; therefore, La.R.S. 9:2800.1 applied. In *Davis*, a patron of a gambling riverboat in Lake Charles who had a .30 BAC was injured when she fell down a staircase. She sued in federal court. The court granted summary judgment after finding that Davis had no complaints about the staircase and that the injury was caused by her own drinking. Finding that La.R.S. 9:2800.1 applied, the court dismissed the suit.

The federal district court's analysis was incomplete. Section B clearly states that the vendor of alcoholic beverages is only immune from liability "for any injury suffered off the premises." *See Zapata v. Cormier,* 2002-1801 (La.App. 1 Cir. 6/27/03), 858 So.2d 601. Section A merely states the legislative declaration that consumption, rather than the serving, of alcoholic beverages is the proximate cause of an injury inflicted by the intoxicated person on himself or third parties. The effect of this declaration is to exclude the furnishing of alcohol as a proximate cause of injuries inflicted by an intoxicated person on himself or others. The party furnishing alcohol may, however, be held liable for injuries caused by a defect in the premises. Here, the facts are clear that the injury to Collins occurred on the defendants' premises. Thus, the defendants are not immune to the extent that Collins may have been injured as a result of defects in the premises.

In his oral reasons for ruling, the trial court stated that there are material issues of fact on the issue of premises liability. Reviewing the record *de novo*, we find that the record does not support that contention. While the plaintiff's Petition for Damages alleges defects in the premises, there is no evidence in the record supporting that claim. The defendants' memorandum in support of summary judgment and the supporting affidavit and exhibits are made a part of the record. Likewise, the

4

defendants' reply to the plaintiff's memorandum in opposition to summary judgment is made a part of the record. However, the record does not include the plaintiff's memorandum in opposition to summary judgment, which included some evidence supporting their claims of premises liability. As a court of record, we cannot consider evidence that was not filed into the record in the trial court. *Butler v. DePuy*, 04-101 (La.App. 3 Cir. 6/9/04), 876 So.2d 259. There is no evidence in the record that would support a finding that the defendants' premises were a proximate cause of the plaintiff's injuries.

Accordingly, the trial court's judgment is affirmed on different grounds.

**AFFIRMED.**