McClendon, j.
| ¡>The plaintiff appeals the judgment of the trial court, granting the defendant’s peremptory exception raising the objection of no cause of action and dismissing his suit with prejudice. For the reasons that follow, we affirm.
*1123 FACTUAL AND PROCEDURAL HISTORY
On January 21, 2012, Daniel Morris and Nathaniel Crowson were riding their bicycles on Perkins Road in Baton Rouge, when they were struck from behind by a vehicle driven by Joseph Branch. Tragically, Mr. Crowson was killed, and Mr. Morris was severely injured. Mr. Morris filed suit on January 17, 2013, seeking to recover the damages he suffered. In his petition, Mr. Morris alleged that Mr. Branch was operating a motor vehicle, under the influence of alcohol, when the vehicle struck him and Mr. Crowson, causing his injuries and damages and causing the death of Mr. Crowson. Mr. Morris further alleged that prior to the subject accident, Mr. Branch was a patron at The Bulldog BR, LLC (The Bulldog), a Baton Rouge bar, where he drank a number of alcoholic beverages and was visibly intoxicated. Mr. Morris also asserted that The Bulldog “engaged in affirmative acts that increased the peril to [Mr. Branch], ultimately resulting in the subject incident.”[1]
In response to the petition, The Bulldog filed a peremptory exception raising the objection of no cause of action, contending that it was immune from civil liability under LSA-R.S. 9:2800.1, Louisiana’s “anti-dram shop” statute. A hearing on the exception was held on April 29, 2013. On June 21, 2013, the trial court issued its ruling sustaining the exception. On July 9, 2013, the trial court signed a judgment, dismissing The Bulldog from the proceeding with prejudice. Mr. Morris has appealed.
STANDARD OF REVIEW
The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining |swhether the law affords a remedy on the facts alleged in the pleading. Ourso v. Wal-Mart Stores, Inc., 08-0780 (La.App. 1 Cir. 11/14/08), 998 So.2d 295, 298, writ denied, 08-2885 (La.2/6/09), 999 So.2d 785. The exception is triable on the face of the pleadings, and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Foti v. Holliday, 09-0093 (La.10/30/09), 27 So.3d 813, 817. In reviewing a trial court’s ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review, because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Torbert Land Co., L.L.C. v. Montgomery, 09-1955 (La.App. 1 Cir. 7/9/10), 42 So.3d 1132, 1135, writ denied, 10-2009 (La.12/17/10), 51 So.3d 16.
DISCUSSION
Prior to 1986, Louisiana did not have a “dramshop” law, and the imposition of liability on a seller of alcoholic beverages for damages sustained or caused by an intoxicated patron was determined by the application of general negligence principles (duty-risk analysis) under the “reasonable man” standard. Aucoin v. Rochel, 08-1180 (La.App. 1 Cir. 12/23/08), 5 So.3d 197, 200, writ denied, 09-0122 (La.3/27/09), 5 So.3d 143. Moreover, Louisiana jurisprudence consistently opposed the application of absolute liability on an alcoholic beverage retailer for the consequences of a patron’s intoxication. See Thrasher v. Leggett, 373 So.2d 494, 496 (La.1979).
*1124 Thereafter, in 1986, the Louisiana Legislature enacted LSA-R.S. 9:2800.1, entitled “Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages,” with the express purpose of placing the responsibility for consequences of intoxication on the intoxicated person, rather than the server of the alcohol. Au-coin, 5 So.3d at 201; Berg v. Zummo, 2000-1699 (La.4/25/01), 786 So.2d 708, 713-14. Subsection A of LSA-R.S. 9:2800.1 provides specifically that “the consumption of intoxicating beverages, rather than the sale |4or serving or furnishing of such beverages is the proximate cause of any injury, ... inflicted by an intoxicated person upon himself or upon another person.” (Emphasis added.) In furtherance of this stated goal, LSA-R.S. 9:2800.1B provides:
Notwithstanding any other law to the contrary, no person.... nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages ... to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person ... for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served. (Emphasis added.)
The only exceptions to the limitation of liability expressly provided by the statute are when alcoholic beverages are sold or served to minors (by omission under Subsection B) and to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol. LSA-R.S. 9:2800.1E[2]; Aucoin, 5 So.3d at 201.
The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
In this case, Mr. Morris argues, as did the plaintiff in the Aucoin case, that notwithstanding the clear wording of the statute, the pre-Statute reasoning of Thrasher v. Legget should apply to impose liability when the bar owner takes affirmative action that increases the peril of an intoxicated patron. Mr. Morris, like Mr. Aucoin, relies on dicta by the supreme court in the Berg case, wherein the court stated in a footnote that “[t]his [c]ourt has never addressed, nor do we address today, whether the bar owner can be liable in spite of La. R.S. 9:2800.1 for taking an affirmative act which increases the peril to an intoxicated adult patron under the pre-La. R.S. 9:2800.1 reasoning of Thrasher v. Leggett.” Berg, 786 So.2d at 714 n. 3. However, Berg involved damages resulting from the sale of alcohol to a minor and accordingly, was clearly outside the scope of immunity provided by the statute. Moreover, this statement simply acknowledged that the issue was not directly before the court.
|fiWe find the statutory language of LSA-R.S. 9:2800.1 to be clear and unambiguous, leaving no room for interpretation beyond the ordinary meaning of the words employed. See Aucoin, 5 So.3d at 203. Additionally, the statute itself provides exceptions, which have not been pled in this case. Accordingly, we are constrained to hold that the clear language of the statute provides immunity to The Bulldog for the injuries caused by the intoxication of Mr. Branch, when the only act alleged to have been committed by The Bulldog was serving alcohol to the intoxicated tortfeasor, who was of legal age.[3] As the trial court *1125 stated: “Other than an allegation that The Bulldog engaged in ‘affirmative acts’ there are no allegations against The Bulldog that would fall under the exceptions to the immunity statute.... There is no allegation that would result in liability. Thus, the exception of no cause of action is sustained.”
We further find that the basis for the peremptory exception raising the objection of no cause of action cannot be removed by amendment of the petition. See LSA-C.C.P. art. 934. Based on the undisputed facts before us, neither exception to LSA-R.S. 9:2800.1 is applicable herein. Therefore, we cannot say that the trial court abused its discretion in failing to allow Mr. Morris the opportunity to amend his petition to remove the grounds of the objection.
CONCLUSION
Because The Bulldog is entitled to the immunity provided by LSA-R.S. 9:2800.1 for the acts of negligence alleged against it, we find that the trial court correctly sustained The Bulldog’s peremptory exception raising the objection of no cause of action. Therefore, we affirm the July 9, 2013 judgment of the trial court, sustaining the exception and dismissing Mr. Morris’s suit with prejudice. The costs of this appeal are assessed to Daniel Morris.
AFFIRMED.

. In the petition, The Bulldog was named a defendant, along with Mr. Branch; State Farm Insurance Company, Mr. Branch's insurer; and ABC Insurance Company, identified as The Bulldog’s insurer.

. Subsection E provides:

. In Zapata v. Cormier, 02-1801 (La.App. 1 Cir. 6/27/03), 858 So.2d 601, we applied the clear language of LSA-R.S. 9:2800.1 and held *1125 that several requirements must be met for the statutory immunity to apply: 1) the bar owner must hold a permit under either Chapter 1 or Chapter 2 of Title 26 of Louisiana Revised Statutes of 1950; 2) the bar owner, its agent and servants or employees, sell or serve intoxicating beverages of either high or low alcoholic content to a person over the age for a lawful purchase thereof; 3) the purchaser thereof suffers an injury off the premises including wrongful death and property damage; and 4) this injury or accident was caused by the intoxication of the person to whom the intoxicating beverages were sold or served. Aucoin, 5 So.3d at 203; Zapata, 858 So.2d at 606-07. In this matter, no one has alleged that the requirements were not met.